O

# United States District Court
# Central District of California

| | |
|---|---|
| ANNIE KONKOL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>OAKWOOD WORLDWIDE LOCAL, LLC; AVALONBAY COMMUNITIES, INC.; TERMINIX INTERNATIONAL, INC.; VALLEYCREST LANDSCAPE MAINTENANCE, INC.; AMERICAN NURSERIES LANDSCAPING; DOES 1-100<br><br>　　　　Defendants. | Case № 2:14-cv-06596-ODW(ASx)<br><br>**ORDER GRANTING DEFENDANT AVALONBAY'S MOTION TO STRIKE [8] AND MOTION TO DISMISS [9] AND GRANTING DEFENDANT TERMINIX'S MOTION TO STRIKE [27] AND MOTION TO DISMISS [28]** |

## I.  INTRODUCTION

The instant action arises from the alleged failure of Defendants and their respective agents to warn Plaintiff before "exposing" her to toxic chemicals and other hazardous substances. For the reasons discussed below, The Court **GRANTS** Defendant AvalonBay's Motion to Strike and Motion to Dismiss. (ECF Nos. 8-9.) The Court also **GRANTS** Defendant Terminix's Motion to Strike and Motion to Dismiss. (ECF Nos. 27-28.) [1]

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Annie Konkol was a tenant at the Oakwood-Woodland Hills apartment complex in Woodland Hills, California. (FAC. ¶ 5.) Oakwood Worldwide Local, LLC ("Oakwood") was the owner, operator, and/or manager of the building between January 4, 2011 and September 5, 2012. (*Id*. ¶ 6.) AvalonBay Communities, Inc. ("AvalonBay") was the owner, operator, and/or manager of the building after purchasing it in late February 2013. (*Id*. ¶ 7.)

Konkol has a medical condition known as Multiple Chemical Sensitivity ("MCS") caused by multiple exposures to non-green/toxic pesticides, herbicides, weed killers, disinfectants, sanitizers and cleaning agents that have built up a progressive sensitization in her body over time. (*Id*. ¶ 26.) She suffers "severe and debilitating bodily injury, together with collateral emotional distress and mental anguish whenever she is exposed." (*Id*.)

Konkol further alleges that in the following instances, Oakwood and AvalonBay failed to warn before exposing her to chemicals that would exacerbate her medical condition and are known to cause various medical conditions, including cancer. (*Id*. ¶ 16.) On March 23, 2012, Terminix International, Inc. (Terminix") applied pesticides in the apartment directly below Konkol's despite notice and supporting documentation of her medical condition. (*Id*.) On September 13, 2013, Terminix applied a pesticide in the common area without notice after being hired by AvalonBay despite the American with Disabilities Act ("ADA") Accommodations Agreement between Konkol and AvalonBay. (*Id*.) On January 3, 2014, AvalonBay applied Lysol lii without notice despite the ADA Accommodations Agreement. (*Id*.) On March 7, 2014, AvalonBay applied chemical cleaning agents without notice despite a toxicologist's advice and the ADA Accommodations Agreement. (*Id*.) On April 10 and 15, 2014, AvalonBay did the same. (*Id*.)

On March 21, 2014, Plaintiff filed suit in Los Angeles County Superior Court. (Compl. ¶ 1.) On July 1, 2014, Plaintiff filed a First Amended Complaint, alleging

breach of implied warranty of habitability, breach of the covenant of quiet enjoyment, breach of implied covenant of good faith and fair dealing, negligence per se violations of the Americans with Disabilities Act, violations of the Unruh Civil Rights Act, violations of the California Fair Housing Act, negligence, premises liability, trespass, and battery. (FAC ¶ 1.) On August 21, 2014, Defendant AvalonBay removed the instant action to federal court. (ECF No. 1.)

On August 28, 2014, Defendant AvalonBay filed a Motion to Dismiss the First, Ninth and Tenth Causes of Action from the First Amended Complaint ("FAC") and a Motion to Strike Portions of the FAC. (ECF Nos. 8-9.) Defendant Oakwood Worldwide joined both Motions. (ECF Nos. 12-13.) Plaintiff's opposition documents were due to be filed no later than September 8, 2014. (ECF Nos. 14-15.) On September 26, 2014, Plaintiff requested an extension to find an attorney and file a response. (ECF No. 19.) The Court granted Plaintiff's request and gave her until November 28, 2014 to respond. (ECF No. 25.) On December 8, 2014, Plaintiff gave the Court and served AvalonBay a hardcopy of her Opposition dated November 28, 2014.

On October 20, 2014, Defendant Terminix filed a Motion to Dismiss the FAC and a Motion to Strike Portions of the FAC. (ECF Nos. 27-28.) Plaintiff's opposition documents were due to be filed no later than November 24, 2014. (ECF Nos. 31-32.) Plaintiff failed to oppose.

Before the Court is the Motion to Strike and Motion to Dismiss filed by AvalonBay and joined by Oakwood, and the Motion to Strike and Motion to Dismiss filed by Terminix. Defendants Valleycrest Landscape Maintenance, Inc. and American Nurseries Landscaping did not join either set of Motions.

### III. LEGAL STANDARD

**A. Motion to Strike**

A court has discretion to strike a pleading or portions of the pleading. Fed. R. Civ. P. 12(f). Rule 12(f) provides that "[t]he court may strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id*. The decision whether to grant a motion to strike is made at the court's discretion. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1528 (9th Cir. 1993), *rev'd on other grounds* in *Fogerty v. Fantastic, Inc.*, 510 U.S. 517 (1994)). In using its discretion, the court must view the pleadings in the light most favorable to the non-moving party. *In re 2TheMart.com Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Courts may grant a motion to strike "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy*, 984 F.2d at 1527 (9th Cir. 1993). Courts may also grant such a motion in order to streamline the resolution of the action and focus the jury's attention on the real issues in the case. *Fantasy*, 984 F.2d at 1528. Motions to strike are generally disfavored due to the limited role that pleadings play in federal practice, and because they are often used as a delaying tactic. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

**B.     Motion to Dismiss**

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial

1 experience and common sense." *Id.* at 679. A court is generally limited to the
2 pleadings and must construe all "factual allegations set forth in the complaint . . . as
3 true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d
4 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations,
5 unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden*
6 *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

7 As a general rule, a court should freely give leave to amend a complaint that has
8 been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when
9 "the court determines that the allegation of other facts consistent with the challenged
10 pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*
11 *Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d
12 1122, 1127 (9th Cir. 2000).

### IV. DISCUSSION

**A. AvalonBay and Oakwood's Motion to Strike and Motion to Dismiss**

*1. Motion to Strike*

Plaintiff alleges that AvalonBay denied her "safe, healthy, and non-life-threatening access to her residential environment and apartment unit…" (FAC ¶ 47.) Plaintiff requests statutory penalties "up to three times Plaintiff's actual damages but not less than $4,000.00." (*Id.* ¶ 48.) Defendants AvalonBay and Oakwood argue that Plaintiff's request for damages under California's Fair Employment and Housing Act ("FEHA") should be stricken because Plaintiff seeks treble damages and treble damages are not available under the FEHA. (Mot. 4.)

Remedies available to successful plaintiffs under the FEHA are limited to actual, compensatory, and punitive damages, and injunctive relief. Cal. Gov. Code § 12989.2. Treble damages are not available under the FEHA. *Id.*

Therefore, the Court **STRIKES** Plaintiff's **request for treble damages because such damages are not recoverable under the FEHA as a matter of law**.

/ / /

Plaintiff requests damages for "aggravation of injuries as a result of concealment." (FAC ¶ 19.) Defendants AvalonBay and Oakwood argue that Plaintiff's request for damages due to "aggravation of injuries as a result of concealment" should be stricken because Plaintiff's FAC does not allege a concealment cause of action or any cause of action relating to fraud or misrepresentation. (Mot. 4.) Defendants further argue that there is no authority holding that "aggravation of injuries" is a component of damages for concealment for non-work-related injuries. (*Id.*)

Plaintiff fails to explain anywhere in the FAC the factual or legal basis for damages for "aggravation of injuries as a result of concealment." Furthermore, Plaintiff does not allege any cause of action that relates to concealment, fraud, or misrepresentation.

Therefore, the Court **STRIKES Plaintiff's request for damages due to "aggravation of injuries as a result of concealment" because Plaintiff does not provide a factual or legal basis for recovery**.

Plaintiff requests attorney's fees and costs. (FAC ¶ 19.) Defendants AvalonBay and Oakwood argue that Plaintiff's request for attorney's fees and costs should be stricken because Plaintiff does not have an attorney. (Mot. 5.) It is well settled law that pro se litigants may not recover attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 436-37 (1991). Therefore, the Court **STRIKES Plaintiff's request for attorney's fees and costs because Plaintiff does not have an attorney**.

2. *Motion to Dismiss*

Defendants AvalonBay and Oakwood argue that the Court should dismiss Plaintiff's First Cause of Action—breach of implied warranty of habitability—because the FAC does not allege any elements for breach of implied warranty of habitability. (*Id.* 4.)

A claim of breach of implied warranty of habitability requires the existence of a material defective condition affecting the premises of habitability, notice to the

landlord of the condition within a reasonable time after the tenant's discovery of the condition, time for the landlord to correct the deficiency, and the resulting damages. *Quevedo v. Braga*, 72 Cal.App.3d Supp. 1, 7-8 (1977).

Plaintiff contends that the First Cause of Action "sets forth a pattern of conduct" and "[c]ommon to that pattern is lack of Notice, without which there can be no meaningful consent." (Opp'n 3.) The Court is doubtful that Plaintiff understands the concept of notice. The notice requirement for breach of implied warranty of habitability is one that Plaintiff must, and clearly failed to, meet. Plaintiff does not allege or describe any facts in the FAC that indicate her apartment became uninhabitable. Plaintiff also does not provide any facts that suggest AvalonBay was given time to correct the unstated "defective condition."

Therefore, the Court **DISMISSES the First Cause of Action WITH Leave to Amend because Plaintiff does not provide a factual basis for recovery**.

Defendants argue that the Court should dismiss Plaintiff's Ninth Cause of Action—Trespass—because the FAC does not allege any elements for trespass. (Mot. 7.)

A claim of trespass requires that AvalonBay intentionally, recklessly, or negligently entered the subject property, or intentionally, recklessly, or negligently caused another person or thing to enter the subject property, that Plaintiff did not give permission for the entry, or that AvalonBay exceeded Plaintiff's permission, that Plaintiff was harmed, and that AvalonBay's entry or other conduct was a substantial factor in causing Plaintiff's harm. Judicial Counsel of Cal. Civil Jury Instructions (2003), No. 2000. "Intangible intrusions on land are not actionable as trespasses unless they cause physical damage to the real property." *Intel Corp. Hamidi*, 30 Cal.4th 1342, 1361 (2003), citing *San Diego Gas & Electric Co. v. Superior Court*, 13 Cal.4th 893, 936-937 (1996).

Plaintiff contends that "substantial authority supports [her] Ninth Cause of Action for Trespass." (Opp'n 5). However, Plaintiff does not cite a single case where

a court found that an intangible intrusion on land that did not cause physical damage to the real property constituted trespass.

Therefore, the Court **DISMISSES the Ninth Cause of Action WITHOUT Leave to Amend because recovery is not available as a matter of law**.

Defendants argue that the Court should dismiss Plaintiff's Tenth Cause of Action—battery—because the FAC fails to state a valid claim. (Mot. 8.) Plaintiff "concede[s] that her Tenth Cause of Action for Battery is probably not applicable to Defendants such as AvalonBay" and "agrees to cease naming Defendant AvalonBay" on that cause of action. (Opp'n 1, 7.) Therefore, the Court need not decide this issue.

**B.  Terminix's Motion to Strike and Motion to Dismiss**

*1.  Motion to Strike*

Defendant Terminix argues that Plaintiff's request for attorney's fees and costs should be stricken because Plaintiff does not have an attorney. (Mot. 5.) The Court has already decided this issue and need not address it further.

Plaintiff requests punitive damages in an amount to be determined by the trier of fact. (FAC ¶ 19.) Defendant Terminix argues that Plaintiff has not properly pleaded facts to recover punitive damages. (Mot. 7.)

Plaintiff must plead facts from which it can be reasonably inferred that Defendant acted with malice, oppression, or fraud, within the meaning of Cal. Civ. Code. § 3294. "[A] conclusory characterization of defendant's conduct as intentional, willful, and fraudulent is a patently insufficient statement of 'oppression, fraud or malice, express or implied,' within the meaning of section 3294." *Smith v. Superior Court*, 10 Cal.App.3d 159, 166 (1995).

Plaintiff alleges that all Defendants in the instant action "acted intentionally, maliciously and unconscionably, thus subjecting themselves to the imposition of punitive or exemplary damages." (FAC ¶ 78.) Plaintiff provides no factual allegation; she offers only "a conclusory characterization of defendant's conduct."

Therefore, the Court **STRIKES Plaintiff's request for punitive damages because Plaintiff does not provide a factual basis for recovery**.

*2. Motion to Dismiss*

Defendant argues that the Court should dismiss the Fourth Cause of Action—negligence per se—because negligence per se is not an independent cause of action. (Mot. 4.)

"Negligence per se is not an independent cause of action." *Quiroz v. Seventh Ave. Ctr.*, 140 Cal.App.4th 1256, 1285 (2006). "The doctrine does not provide a right of action for violation of a statute." *Id*. "Instead, it operates to establish a presumption of negligence for which the statute serves the subsidiary function of providing evidence of an element of a preexisting common law cause of action. *Id*. 1285-1286.

Plaintiff's Seventh Cause of Action is negligence. (FAC.) Since negligence per se is a theory by which negligence is established, the Fourth and Seventh Causes of Action are duplicative. Therefore, the Court **DISMISSES the Fourth Cause of Action WITHOUT Leave to Amend because negligence per se is not an independent cause of action and the Seventh Cause of Action is negligence**.

Defendant argues that the Court should dismiss the Fifth Cause of Action—violations of the Unruh Civil Rights Act—because Plaintiff relies on the Unruh Act for her negligence per se claim. (Mot. 6.) The Court has dismissed the negligence per se claim. Therefore, the Court **DISMISSES the Fifth Cause of Action WITH Leave to Amend because the negligence per se claim has been dismissed**. Plaintiff may amend the FAC and rely on the Unruh Act for her negligence claim.

Defendant argues that the Court should dismiss the Ninth Cause of Action—trespass—because the FAC does not allege any elements for trespass. (Mot. 6-8.) The Court has already decided this issue and need not address it further.

Defendant argues that the Court should dismiss Plaintiff's Tenth Cause of Action—battery—because the FAC fails to allege facts that show Terminix *intended*

to engage in harmful or offensive contact with Plaintiff's person (Mot. 9.) Plaintiff does not plead any facts that show intent. Therefore, the Court **DISMISSES the Tenth Cause of Action WITH Leave to Amend because Plaintiff does not provide a factual basis for recovery**.

## V. CONCLUSION

For the reasons discussed above, The Court **GRANTS** Defendants AvalonBay and Oakwood's Motion to Strike and Motion to Dismiss. (ECF Nos. 8-9.) The Court **GRANTS** Defendant Terminix's Motion to Strike and Motion to Dismiss. (ECF Nos. 27-28.) Amendment of the Complaint, limited to the First, Fifth and Tenth Causes of Action only, must be filed on or before **January 16, 2015**.

**IT IS SO ORDERED.**

January 2, 2015

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**